**In re Dorance W. WICKS, Plaintiff,**

v.

**Barbara A. WICKS, and Elizabeth A. Zerby, Trustee for the Estate of Barbara A. Wicks, Defendants.**

**Arising in or related to bankruptcy case of Barbara A. Wicks, Debtor.**

**Adv. No. 3–82–261.**

**Bankruptcy No. 3–82–835.**

United States Bankruptcy Court,
D. Minnesota.

Dec. 20, 1982.

Hart Kuller of Winthrop, Weinstine & Sexton, St. Paul, Minn., for plaintiff Dorance W. Wicks.

Robert J. Lawton, St. Paul, Minn., for defendant Barbara A. Wicks.

MEMORANDUM ORDER

KENNETH G. OWENS, Bankruptcy Judge.

The above entitled proceeding was consolidated for argument with *Jeanine M. Boyd vs. Bruce B. Robinson, et al.,* 26 B.R. 772 (Bkrtcy.Minn.1982). The decision in that proceeding determines a number of the

legal issues presented by the instant proceeding. There are, however, factual differences which require a separate opinion of the court.

On April 3, 1980, the plaintiff and defendant entered into a stipulation by agreement determining the rights and duties of each party upon the termination of their marriage. On April 7, 1980, they commenced a marriage dissolution action in Dakota County District Court. On April 14, 1980, the Dakota County court entered a judgment and decree which adopted the relevant and significant provisions of the agreement. On May 13, 1982, the defendant filed a petition for relief under chapter 7 of title 11, the Bankruptcy Code.

The agreement between the parties provided for disposition of the homestead which had been purchased by them as joint tenants. The homestead was to be transferred to the defendant in fee simple absolute subject to existing mortgage and subject to a new lien in favor of the plaintiff. The lien was intended as a division of the marital property, the principal part of which consists of the homestead. The lien was intended to secure to plaintiff the amount due for his half of the equity, or value of the property beyond liens. The principal amount of the lien was $21,500.00. The lien with prescribed interest at 8% per year became due and payable upon the occurrence of certain conditions or events.

Defendant indicated in her schedules that the lien of the plaintiff was to be avoided. On May 28, 1982, the plaintiff commenced this adversary proceeding on two claims for relief. The plaintiff sought first a declaratory judgment that his lien was not avoidable by the defendant pursuant to 11 U.S.C. Section 522(f), and second, relief from the automatic stay to continue a foreclosure action against the homestead. The defendant answered and counterclaimed for avoidance of the lien of the plaintiff pursuant to 11 U.S.C. Section 522(f)(1). At a pretrial hearing, the stay was continued in effect pending resolution of the validity of the plaintiff's lien. A motion for summary judgment was then filed and argued.

## AVOIDANCE OF A MARITAL LIEN

▮ The defendant wants to avoid the plaintiff's lien under 11 U.S.C. Section 522(f)(1). Section 522(f)(1) allows the avoidance of a judicial lien which impairs an exemption of the defendant. Three requisites must be established before a lien may be avoided as a judicial lien.

First, the lien of the plaintiff must be against an interest of the debtor in property. The plaintiff has the status of a creditor having a secured claim. The plaintiff's secured claim is the lien he claims in the homestead property. To satisfy this condition the defendant must show that the lien is against the property owned by the defendant. The defendant is the sole owner of the homestead. Consequently, the first requisite is satisfied.

Second, the lien must impair the exemption to which the defendant would otherwise be entitled. The defendant chose the Minnesota homestead exemption, *Minn. Stat.* Section 510.01. Under this statute, the defendant exempted the entire homestead without dollar limitation. Any lien against the homestead property impairs the exemption of the debtor. The plaintiff's lien impairs the homestead exemption of the defendant.

The third and final requirement is that the lien be a judicial lien. There are four mutually exclusive and exhaustive categories of lien under the Bankruptcy Code. The plaintiff's lien must be one of the following: a common law lien; a statutory lien; a security interest; or a judicial lien. The plaintiff claims his lien is a security interest. The defendant asserts it is a judicial lien. It cannot be a common law lien because marriage dissolution is a statutory action not arising under common law. It is not a statutory lien as defined by 11 U.S.C. Section 101(38) for a statutory lien arises by force of statute. The plaintiff's lien is statutorily authorized but does not arise from the statute. It arises from a marriage dissolution action.

The lien of the plaintiff has to be, therefore, either a security interest or a judicial

lien. A security interest is a lien created by agreement. 11 U.S.C. Section 101(37). A judicial lien is a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. Section 101(27). The crucial question is what brought the lien into existence.

The plaintiff argues that the agreement creates the lien. 11 U.S.C. Section 101(36) provides that a security agreement is an agreement that creates or provides for a security interest. The relevant legislative comment states that though the terms security agreement and security interest are:

"similar to the same terms in the Uniform Commercial Code, article IX, they are broader. For example, the U.C.C. does not cover real property mortgages. Under this definition, such a mortgage is included, as are all other liens created by agreement, even though not covered by the U.C.C."

The terms are clearly not intended to be given the ordinary commercial meaning. Congress intended that all liens created by agreement be considered security interests.

The lien of the plaintiff was given force and effect by the order of the court but analysis of the facts does not end there. The agreement was entirely the product of the consent of both parties. It was this agreement which authorized and caused the judgment and decree to be entered by the district court.

Congress, in the Bankruptcy Code, altered many concepts. The term security interest should be construed liberally to include all liens created by agreement regardless of the method or means employed to make them enforceable either between the parties or against the world. The parties wished amicably to end their relationship. To that end, they sought to divide the property they had together acquired. By law, they could only finally accomplish these goals through the means of a marriage dissolution action and a resultant judgment and decree.

The facts of the present case illustrate the justification of such interpretation. The stipulation was entered into four days prior to the commencement of the action for dissolution. The decree was entered seven days later. The parties wished to transfer the homestead to the defendant. In order to compensate the plaintiff for his interest in the property, the defendant had to pay $21,500.00. Since the defendant did not have any source of money or property to finance the purchase but the homestead and in order to preserve the homestead for his family, the plaintiff financed the transfer at very agreeable terms. This is the nature of the plaintiff's lien. The fact that the means used to effect this agreement was the judgment of the court does not change the result.

The court is further convinced that equity assists the result. The plaintiff and the defendant made an agreement which resulted in an alteration in their relationship and property rights. The defendant now seeks to have the advantage of the agreement but to avoid its onerous results. A compelling and explicit statutory requirement to the contrary would be required to negative the parties agreement and permit such an unfair result.

The Bankruptcy Code was not intended to allow the debtor to avoid voluntary transfers. The debtor is given broad avoiding powers in addition to 11 U.S.C. Section 522(f). Section 522(g) and (h) allow the debtor to avoid transfers using the powers of a trustee. One of the conditions to use of such powers is that the transfer be involuntary. Similarly a judicial lien is generally considered involuntary. This is not such a case as to justify avoidance. The lien arose as the result of a consensual voluntary transfer. The defendant may not be allowed to reap the benefits of this agreement and avoid the price to which she agreed.

## CONCLUSION

The lien of the plaintiff Dorance W. Wicks against the homestead of the defendant Barbara A. Wicks legally described as:

Lot Nine (9), Block Thirteen (13), Oak Park Addition, according to the plat thereof on file and of record in the office of the County Recorder in and for Dakota County, Minnesota

is a security interest as defined under 11 U.S.C. Section 101(37). As such, it cannot be avoided by the defendant under 11 U.S.C. Section 522(f)(1).

ACCORDINGLY, IT IS ORDERED THAT:

1. The counterclaim of the defendant Barbara A. Wicks for avoidance of the lien of the plaintiff Dorance W. Wicks is dismissed with prejudice.

2. Further hearings on the plaintiff's second cause of action for relief from the stay will be scheduled by the court by future notice. The stay imposed by prior order remains in effect.

3. The court is aware of the significant impact of its ruling. In order to proceed with the orderly administration of justice, the enforcement and the effective date of this order is stayed pending the final resolution of any appeal period. If no timely appeal is taken, any enforcement of this judgment is nevertheless stayed for 60 days.