**In re Nikki Dee MAUS, Debtor.**

**Bankruptcy No. 84–10856.**

United States Bankruptcy Court,
D. Kansas,
Wichita, Kansas.

May 6, 1985.

Donald B. Clark, Wichita, Kan., for claimant.

Charles F. Harris, Wichita, Kan. for debtor.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

At Wichita, Kansas, this matter came on for hearing on February 6, 1985, on debtor's application to avoid judicial lien under 11 U.S.C. § 522(f)(1). The debtor Nikki Dee Maus, appears in person and through her attorney Charles F. Harris of the firm of Kaplan, McMillan and Harris. The claimant Jesse R. Maus, appears in person and through his attorney Donald B. Clark of the firm of Clark and Arnold.

Briefs have been filed by debtor and the claimant. After hearing testimony of witnesses, statements of counsel, and examining the files, pleadings and briefs filed herein, the Court finds as follows:

## FINDINGS OF FACT

1. The debtor and claimant were married on February 29, 1972, and during said marriage acquired a joint tenancy ownership in real property legally described in paragraph 5 below.

2. On July 31, 1981, the Judge of the District Court of Sedgwick County, Kansas, after finding that the parties were incompatible granted the plaintiff Jesse R. Maus (claimant in this case) his divorce from the defendant Nikki Dee Maus (debtor in this case).

3. The Sedgwick County Judge further found that the parties had entered into a verbal property settlement agreement which was "fair, just and equitable and that the same should be made the Order and Decree of the Court".

4. Both the debtor and claimant were represented by counsel and the decree was approved by their respective attorneys.

5. The Decree of Divorce states in pertinent part as follows, keeping in mind that the claimant Jesse R. Maus is the plaintiff and the debtor Nikki D. Maus is the defendant in the quotes set out below:

"D. The Defendant be, and she is hereby granted as her sole and separate property, free and clear of any and all claims of the Plaintiff, the following:

\*　　\*　　\*　　\*　　\*　　\*

That real property legally described as follows, to-wit:

The South 660 feet of the East 561 feet of the Southeast Quarter (SE¼) of the Southwest Quarter (SW¼) of Section 15, Township 27 South, Range 4

West of the 6th P.M., Sedgwick County, Kansas.

E. Plaintiff is Ordered to procure a marketable title to that real property legally described as follows, to-wit:

A tract beginning at a point 561 feet West of the Southeast (SE) corner of the Southwest Quarter (SW¼) of Section 15, Township 27 South, Range 4 West of the 6th P.M., Sedgwick County, Kansas, thence North 660 feet, thence West 33 feet, thence South 660 feet, thence East 33 feet to the point of beginning, said tract consisting of one-half acre, more or less.

and to convey such title to the Defendant within thirty (30) days from the date of the entry of this Decree, by warranty deed. Should the Plaintiff fail to so convey said title to the Defendant within such period of time, then and in that event, the real property first hereinabove described shall be appraised by an MAI appraiser approved by both Plaintiff and Defendant as to its value *with* the last hereinabove property attached, and as to its value *without* said latter property attached, and without the presence of the hedgerow now existing thereon. When the difference of values between the two above appraisals has been established, such sum shall be given to Defendant as a credit toward that sum of money Defendant is hereinafter Ordered to pay to Plaintiff, all appraisal costs in connection with the above shall be paid by Plaintiff.

F. Defendant shall pay to Plaintiff the sum of Twenty-Two Thousand Dollars ($22,000.00) on or before the 1st day of September, 1985, subject to any credit as mentioned in paragraph E hereinabove, all without interest.

G. Should Defendant sell or convey the real property first hereinabove described prior to July 1, 1984, the Plaintiff shall be entitled to receive 40% of the net proceeds of the sale of the same, after deduction and payment of the existing mortgage thereon and all reasonable costs and expenses of sale, including a realtor's commission."

On March 5, 1982, the debtor refinanced the mortgage with State Bank of Colwick and gave a new mortgage to State Bank of Colwick for $12,000.00.

8. Also on March 5, 1983, debtor granted a second mortgage to Morris Plan for $5,000.00.

9. In February 1984, Morris Plan commenced foreclosure proceedings in the District Court of Sedgwick County, Kansas.

10. On June 8, 1984, the debtor filed her voluntary petition for relief under Chapter 7 of Title 11 United States Code, and claimed the real property described above as exempt under K.S.A. 60–2301 (homestead).

On July 3, 1984, the debtor filed her application to avoid the lien of Jesse R. Maus under 11 U.S.C. § 522(f)(1).

### ISSUE INVOLVED

WHETHER OR NOT THE LIEN JESSE R. MAUS ACQUIRED IN THE DIVORCE DECREE SHOULD BE AVOIDED UNDER 11 U.S.C. § 522(f)(1).

### CONCLUSIONS OF LAW

11 U.S.C. § 522 states in pertinent part as follows:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;"

11 U.S.C. § 101 states in pertinent part as follows:

"(30) 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;"

"(43) 'security interest' means lien created by an agreement;"

"(45) 'statutory lien' means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;"

The undisputed great weight of authority is that a former spouse's lien on a debtor's homestead may not be avoided. *In re Marva Jean Jackson*, No. 83–20194 (Bankr.D. K.C.Kan.1983); *In re Graham*, 28 B.R. 928 (Bankr.N.D.Iowa 1983); *In re Scott*, 12 B.R. 613 (Bankr.W.D.Okla.1981); *Wicks v. Wicks*, 26 B.R. 769 (Bankr.D.Minn.1982); *Boyd v. Robinson and Wicks v. Wicks*, 31 B.R. 591 (D.Minn.1983); *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984); *In re Dunn*, 10 B.R. 385 (Bankr.W.D.Okla.1981); *In re Cox*, No. 83–40010 (Bankr.D.Kan.1983); *In re Kingston*, No. 81–20454 (Bankr.Kan. 1982).

I must at this point state for the record there appears to be a split of authority that exists in the District of Kansas. *In re Jackson, supra*, which denied avoidance of the lien, was reviewed, certified, and adopted in its entirety by the Honorable Dale E. Saffels, U.S. District Judge for the District of Kansas, on August 30, 1983; and an opinion in the District of Kansas allowing the lien to be avoided was written by the Honorable Patrick F. Kelly, U.S. District Judge for the District of Kansas. It is with some reluctance I feel constrained to differ with the end result of the decision handed down by Judge Kelly in *In re Terry Lee Servis*, Civil No. 84–1145. I have always believed in the theory of stare decisis in the research and drafting of opinions; however, since Kansas in this case has two courts of equal status holding diverse opinions, I feel free to concur with the certification of Judge Saffels in the *Jackson* case.

This Court agrees with the majority of the rationale utilized by Judge Kelly in his opinion but cannot in the face of the overwhelming case law, logic and the Bankruptcy Code, concur with his final decision in *Terry Lee Servis, supra*, especially since there is only one other case (not subsequently reversed) that concurs with Judge Kelly, cited as *In re Blecker*, 1 C.B.C.2d 681 (Bankr.S.D.Fla.1980).

This Court is compelled to find that the lien herein is not one that can be avoided under 11 U.S.C. § 522(f)(1) for the reasons hereinafter set out.

It was stated in *In re Scott*, 12 B.R. 613, 615:

"... The document which gave rise to Plaintiff's lien was the Divorce Decree. It was this same document which operated to convey Plaintiff's interest in the homestead to the Defendant. Thus, it may be said that the property was conveyed to Defendant subject to Plaintiff's lien to secure the payment of Plaintiff's share of the property settlement."

In the instant case the claimant conveyed his interest to the debtor pursuant to agreement and the divorce decree subject to the debtor paying him $22,000.00 on or before September 1, 1985, and further if she (debtor) should sell the real property prior to July 1, 1984, he (claimant) was to be entitled to 40% of the net proceeds from the sale. This shows that the lien herein was "consensual and voluntary although judicially sanctioned." *In re Dunn*, 10 B.R. 385, 387 (Bankr.W.D.Okla.1981).

In *Wicks v. Wicks*, 26 B.R. 769 (Bankr.D. Minn.1982), the bankruptcy judge held that the husband's lien against the debtor's homestead was a security interest and therefore could not be avoided as a judicial lien. The judge theorized this lien was created by agreement of the parties and as such resulted in a security interest in the property of the debtor.

In this case the parties entered into a verbal property settlement agreement which was recorded in the divorce decree. Thus the lien was brought into existence as

a result of an agreement which in fact means it was created by a security interest (11 U.S.C. § 101(43) and therefore, was not a judicial lien.

In *Boyd v. Robinson*, 26 B.R. 772 (Bankr.Minn.1982) Bankruptcy Judge Kenneth G. Owens found there was no agreement between the parties and proceeded to rule that the lien therein was a judicial lien and therefore could be avoided. However, the Hon. Miles W. Lord, Chief Judge of the U.S. District Court of Minnesota, reversed Judge Owens in holding that:

"The lien in question does not in fact have any of the characteristics of a judicial lien. The interest was created by family state law, the lien itself secures this preexisting interest and functions the same as a security interest. To label this a judicial lien merely because it is a lien which was imposed in a judicial proceeding puts form over substance. A perfect illustration of this fact is found when the result in *Boyd* is compared to the result in *Wicks*. In *Wicks* as in *Boyd*, the lien was created pursuant to a marriage dissolution proceeding." *Boyd v. Robinson and Wicks v. Wicks*, 31 B.R. 591, 595 (D.C.Minn.1983).

The *Boyd v. Robinson, supra* case was appealed to the 8th Circuit Court of Appeals and is cited as *Boyd v. Robinson*, 741 F.2d 1112 (1984), wherein the court in affirming the District Court, refused to allow the debtor to avoid the lien when they stated the following on page 1114:

"... Robinson's contributions to the house during the marriage also served as an interest in the homestead...."

"... Robinson used part of his salary to make the mortgage payments ..."

In the case before this Court the evidence showed that the debtor Nikki Dee Maus and claimant Jesse R. Maus had been married for nine years. The Court finds it is presumed that both the debtor and the claimant contributed to the purchase and maintenance of the property while they lived together as husband and wife. K.S.A. 60–1610(b) states in pertinent part:

"... The decree shall divide the real and personal property of the parties, ... by: (A) a division of the property in kind; (B) awarding the property or part of the property to one of the spouses and requiring the other to pay a just and proper sum; or (C) ordering a sale of the property, under conditions prescribed by the court, and dividing the proceeds of the sale...."

In this case as in the *Boyd v. Robinson* case, the Kansas statute just quoted recognizes that each spouse has an individual interest in marital property. Therefore, I find that the claimant had equity to the extent of $22,000.00 on or before September 1, 1985, or 40% of the net proceeds if the property was sold prior to July 1, 1984.

This Court further finds that the interest of the claimant in the real property herein is tantamount to an equitable mortgage. *In re Erwin*, 25 B.R. 363, 366 (Bankr.Minn. 1982); *In re John Charles Kingston*, Case No. 81–20454 (Bankr.Kan.1981).

For reasons set out above this Court finds that this was not a judicial lien within the meaning of 11 U.S.C. § 101(30) or 11 U.S.C. § 522(f)(1) of the Bankruptcy Code as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, and the lien herein should further not be avoided for the following reasons:

1. The lien herein was a security interest because it was fixed pursuant to an agreed oral property settlement agreement set forth in the divorce decree;

2. The lien herein was consensual and voluntary, both parties being represented by competent counsel;

3. The District Court of Sedgwick County, Kansas executed the decree of divorce after the approval of both parties;

4. Equity requires that a constructive trust be imposed on the debtor's homestead on behalf of this claimant which results in the claimant having an equitable mortgage in said real property and I so find;

5. To allow the debtor in this case to avoid the lien would result in unjust enrichment.

As stated in *In re Marva Jean Jackson, supra,* an opinion authored by this scrivener, and approved and adopted in its entirety by the Honorable Dale E. Saffels, I sit as a court of equity and as such must reject the strict construction given § 522(f)(1) by the Honorable Patrick F. Kelly in *In re Terry Lee Servis, supra,* and in *In re Blecker,* 1 C.B.C.2d 681 (Bankr.S.D. Fla.1980), and find that the lien of the claimant herein cannot be avoided.

IT IS THEREFORE, BY THE COURT, ORDERED That the application of the debtor Nikki Dee Maus, to avoid the lien herein of Jesse R. Maus claimant, under 11 U.S.C. § 522(f)(1) be and the same is hereby denied.