**In re Silas O. SHANDS, Debtor.**

**Bankruptcy No. 84–00966.**

United States Bankruptcy Court, D. South Carolina.

Oct. 10, 1985.

John K. Fort, Spartanburg, S.C., for debtor.

Michael A. DeVine, Spartanburg, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court on the motion of the debtor to avoid, pursuant to 11 U.S.C. § 522(f),[1] a lien of his former wife, Evelyn Kay Shands, on his residence. The former wife contends that her lien is not a judicial lien (therefore, not avoidable

under § 522(f)(1) ) but is an equitable lien arising from the parties' divorce settlement.

### FACTS

Silas O. Shands and Evelyn Kay Shands were divorced on September 29, 1983.

In the Family Court order dated August 12, 1983, it was stated that the parties had agreed that the debtor would pay Evelyn Kay Shands $4,000. within 60 days for any interest, either equitable or legal, which she might have in the marital home.

This Family Court order was incorporated in the Divorce Decree dated September 29, 1983.

On November 17, 1983, the Family Court issued an order finding the debtor in contempt for failure to pay Evelyn Kay Shands pursuant to its previous orders.

### ISSUE

Is Evelyn Kay Shands' interest in the residence avoidable under § 522(f)?

### DISCUSSION AND CONCLUSION

Section 522(f) states, in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; . . . .

The debtor has the burden of proof on motions seeking avoidance of a lien. *In re Piambino*, 45 B.R. 243 (Bank.S.D.Fla. 1984).

Before a lien may be avoided as a judicial lien, three requisites must be established. First, the lien must be a judicial lien. Second, the lien must be against an interest of the debtor in property. Finally, the debtor must be entitled to the exemption that the lien would impair. *Wicks v. Wicks*, 26 B.R. 769 (Bankr.D.Minn.1982).

---

**1.** Further reference to the Bankruptcy Code shall be by section number only.

## I

Is the Lien of Evelyn Kay Shands a Judicial Lien?

Section 101 states, in pertinent part:

(30) 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;

\* \* \* \* \* \*

(43) 'security interest' means lien created by an agreement; ....

As stated in *Wicks:*

Congress intended that all liens created by agreement be considered security interests.

The lien of the plaintiff was given force and effect by the order of the court but analysis of the facts does not end there. The agreement was entirely the product of the consent of both parties. It was this agreement which authorized and caused the judgment and decree to be entered by the district court.

Congress, in the Bankruptcy Code, altered many concepts. The term "security interest" should be construed liberally to include all liens created by agreement regardless of the method or means employed to make them enforceable either between the parties or against the world.

*Wicks* at 771.

In this case the parties entered into a property settlement, with the advice and consent of counsel, which was recorded in the August 12, 1983 order and incorporated in the divorce decree. "Thus the lien was brought into existence as a result of an agreement which in fact means it was created by a security interest (11 U.S.C. § 101(43)) and therefore, was not a judicial lien." *In re Maus,* 48 B.R. 948, 950 (Bankr.D.Kan.1985).

The lien in question does not in fact have any of the characteristics of a judicial lien. The interest was created by family state law, the lien itself secures this preexisting interest and functions the same as a security interest. To label this a judicial lien merely because it is a lien which was imposed in a judicial proceeding puts form over substance.

*Maus* at 951, quoting from *Boyd v. Robinson* and *Wicks v. Wicks,* 31 B.R. 591, 595 (D.C.Minn.1983).

The fact that the means used to effect this agreement was the judgment of the court does not change the result.

The court is further convinced that equity assists the result. The plaintiff and the defendant made an agreement which resulted in an alteration in their relationship and property rights. The defendant now seeks to have the advantage of the agreement but to avoid its onerous results.

The Bankruptcy Code was not intended to allow the debtor to avoid voluntary transfers. The debtor is given broad avoidance powers in addition to 11 U.S.C. § 522(f). Section 522(g) and (h) allow the debtor to avoid transfers claiming the powers of a trustee. One of the conditions to use such powers is that the transfer be involuntary. Similarly a judicial lien is generally considered involuntary. This is not such a case to justify avoidance. The lien arose as the result of a consensual voluntary transfer. The defendant may not be allowed to reap the benefits of this agreement and avoid the price to which she agreed.

*Wicks,* at 771.

Inasmuch as the debtor has failed to establish that the lien is a judicial lien, the court need not examine the other two requisites for the avoidance of a lien under § 522(f). *Wicks, supra.*

## CONCLUSION

The lien of Evelyn Kay Shands in the residence is not a judicial lien. Therefore, it is not avoidable under § 522(f)(1).

## ORDER

It is ORDERED, ADJUDGED AND DECREED that the motion of the debtor to avoid the lien of Evelyn Kay Shands be, and it hereby, is denied.