**In re Joe Wilbert BLAND, Debtor.**

**Bankruptcy No. B87–00576–Y.**

United States Bankruptcy Court, N.D. Ohio.

July 13, 1988.

**422**

Joe Wilbert Bland, Cortland, Ohio, Joan Allyn Kodish, Youngstown, Ohio, for debtor.

Ronald A. DeVito, Warren, for Bazetta Ivy Hills Condominium Ass'n.

Richard G. Zellers, Youngstown, Ohio, Trustee.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This matter comes before the Court on the Debtor's Motion to avoid three liens on the Debtor's homestead pursuant to 11 U.S.C. Sec. 522(f)(1).

It appears that the Debtor acquired an interest in a condominium unit, which unit is part of the BAZETTA IVY HILLS CONDOMINIUM ASSOCIATION ("BICA"). The purchase was apparently financed by FIRST PENNSYLVANIA BANK. It further appears that Debtor either expressly or impliedly agreed to pay all sums assessed by BICA for a share of the common expenses which are chargeable to each unit within the Association. The agreement further provided that all assessments would constitute a lien on the property which could be judicially foreclosed if the amount remained unpaid. Pursuant to this agreement, BICA holds three liens against the property in the aggregate amount of

Three Thousand, Five Hundred Ninety–Two & 10/100 Dollars ($3,592.10).

As this Court has previously held, three requirements must be met in order to avoid a judicial lien under 11 U.S.C. Sec. 522(f)(1):

1) The lien must be a judicial lien;

2) The debtor must have an interest in the property; and

3) The lien must impair an exemption to which the debtor would otherwise be entitled.

*In re Dixon,* 79 B.R. 702 (Bankr.N.D.Ohio 1987) *aff'd,* 85 B.R. 745 (N.D.Ohio 1988). For the following reasons, we conclude that the first requirement is not met insofar as the three liens sought to be avoided are security interests, not judicial liens for purposes of lien avoidance under Sec. 522(f)(1).

11 U.S.C. Sec. 101(30) defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or pleading." 11 U.S.C. Sec. 101(43) defines a security interest as a "lien created by an agreement." Commenting on the interplay between these two Sections, one court wrote:

Congress intended that all liens created by agreement be considered security interests.

The lien of the Plaintiff was given force and effect by the order of the court, but analysis of the facts does not end there. The agreement was entirely the product of the consent of both parties. It was this agreement which authorized and caused the judgment and decree to be entered by the District Court.

Congress, in the Bankruptcy Code, altered many concepts. The term 'security interest' should be construed liberally to include all liens created by agreement, regardless of the method or means employed to make them enforceable either between the parties or against the world.

*Wicks v. Wicks,* 26 B.R. 769, 771 (Bankr.D. Minn.1982) *aff'd,* 31 B.R. 591 (D.Minn. 1983). Other courts have found that judicial liens which have been obtained pursuant to an agreement between the parties are not judicial liens as that term is used in 11 U.S.C. Sec. 522(f)(1). *In re Shands,* 57

B.R. 49 (Bankr.D.S.C.1985); *In re Scott,* 12 B.R. 613 (Bankr.W.D.Okla.1981); *In re Dunn,* 10 B.R. 385 (Bankr.W.D.Okla.1981). As the *Wicks* court concluded:

> The fact that the means used to effect this agreement was the judgment of the court does not change the result.

> The court is further convinced that equity assists the result. The plaintiff and the defendant made an agreement which resulted in an alteration in their relationship and property rights. The defendant now seeks to have the advantage of the agreement but to avoid its onerous results. A compelling and explicit statutory requirement to the contrary would be required to negative the parties' agreement and permit such an unfair result.

> The Bankruptcy Code was not intended to allow the debtor to avoid voluntary transfers. The debtor is given broad avoidance powers in addition to 11 U.S.C. Sec. 522(f). Sec. 522(g) and (h) allow the debtor to avoid transfers, claiming the powers of a trustee. One of the conditions to use such power is that the transfer be involuntary. Similarly, a judicial lien is generally considered involuntary. This is not such a case to justify avoidance. The lien arose as the result of a consensual voluntary transfer. The defendant may not be allowed to reap the benefits of this agreement and avoid the price to which she agreed.

*Wicks v. Wicks,* 26 B.R. at 771.

Similarly, in this case, the Debtor agreed to allow BICA a lien on his property if he failed to pay the required condominium fees. The Debtor's agreement makes the lien consensual in nature. As a result, the Court finds that these three liens are nonavoidable under Sec. 522(f)(1).

Accordingly, the Debtor's Motion will be overruled. This *Memorandum Opinion* shall constitute the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

An appropriate Order will be entered.