**In re Patricia Lee Ward BECKLEY, Debtor.**

**Bankruptcy No. 96–7481–BKC–3P7.**

United States Bankruptcy Court, M.D. Florida.

May 12, 1997.

Courtney K. Grim, Adams G. Adams, II, P.A., Jacksonville, FL, for movant.

William Bruce Muench, Jacksonville, FL, for debtor.

Charles W. Grant, Jacksonville, FL, Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTOR'S AMENDED MOTION TO AVOID LIEN OF SOUTHERN OAKS ASSOCIATION, INC.

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Debtor's Amended Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f)(1). Upon consideration of the evidence presented at the hearing held on March 26, 1997 and the memoranda of law submitted, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On June 30, 1993, Patricia Lee Ward Beckley (Debtor) purchased property located at 7715 Erinwood Court East, in the Southern Oaks Community (f/k/a Baywood Estates), in Jacksonville, Florida. (Creditor's Ex. 2). Debtor holds a warranty deed that is subjected to the Baywood Declaration of Covenants, Conditions and Restrictions. (*Id.*). The Declaration of Covenants, in relevant portion, reads as follows:

> Each lot is hereby subjected to, and each owner of a lot hereby covenants to pay the Association Regular Assessments and Special Assessments (for capital improvements) as set forth hereinafter. Except as otherwise provided hereinafter, such assessments shall be fixed, established and collected from time to time by the Association as provided herein and in the By–Laws. The Regular and Special Assessments, together with such interest thereon and costs of collection thereof, as hereinafter provided, shall be charge on the lot and shall be continuing lien upon the lot against which the assessment is made until paid. Each such assessment, together with interest, costs and reasonable attorneys' fees, shall also be the personal obligation of the person or entity who was the owner of the lot at the time the assessment was made.

> . . . .

> ... Each owner vests in the Association or its assigns, the right and power to bring all actions at law or lien foreclosures against lot owners for the collection of delinquent assessments.

(Creditor's Ex. 1, at Art. III, ¶¶ 2,5).

2. The monthly assessments are $40 per month, with a late charge of $5 per month. (Debtor's Ex. 1). Debtor failed to pay her monthly assessments from January 1994 through November 1996. (*Id.*).

3. On November 26, 1996, Southern Oaks Association, Inc. (Creditor), obtained a Final Judgment against Debtor for the monthly assessments, late fees, interest, attorney's fees and costs in the amount of $2,609.05. (*Id.*).

4. On November 27, 1996, Debtor filed for relief under Chapter 7 of the Bankruptcy Code. (Doc. 1). Debtor filed a Motion to Avoid Lien on December 10, 1996, and an Amended Motion to Avoid Lien on January 2, 1997 pursuant to 11 U.S.C. § 522(f)(1). (Docs.8,9). Creditor filed its Objection to Debtor's Motion to Avoid lien on January 17, 1997, contending that the character of the lien remains a security interest and is not avoidable pursuant to 11 U.S.C. § 522(f)(1). (Doc. 10).

5. A hearing was held on March 26, 1997. The Court stated that the Final Judgment is avoidable, if it is a judicial lien, and requested memoranda of law on the issue.

### CONCLUSIONS OF LAW

■ The issue before the Court is whether the debt owing to the homeowners' association for assessments, now in the form of a Final Judgment, is a judicial lien avoidable under section 522(f)(1). Section 522(f)(1) provides, in relevant part, that: "[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to

which the debtor would have been entitled under subsection (b) of this section, if such lien is ——(A) a judicial lien...." 11 U.S.C § 522(f)(1) (1994). In order to avoid a lien under section 522(f)(1), the lien must be a judicial lien; the debtor must have an interest in the property; and the lien must impair an exemption to which the debtor would otherwise be entitled. *In re Bland,* 91 B.R. 421, 422 (Bankr.N.D.Ohio 1988) (citations omitted).

▮ In this case, Debtor has an interest in the property and the lien impairs her homestead exemption. Thus, the only issue is whether the lien is a judicial lien. Creditor argues that the character of the lien, represented by the Final Judgment, is that of a "security interest," and not a judicial lien. Debtor, however, argues that the Final Judgment is "judicial lien," and is avoidable.

A judicial lien is defined as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A "security interest" is defined as an agreement that creates or provides for a security interest. 11 U.S.C. § 101(51). Because this is an issue of first impression, the Court turns to sister courts that have analyzed the issue.

Similar to the present case, the debtors in *Phillippy* moved to avoid three liens that represented unpaid homeowners' association assessments provided for in a Declaration of Covenants, Conditions and Restrictions. *Phillippy v. Corkscrew Woodlands Assoc. (In re Phillippy),* 178 B.R. 67, 68 (Bankr.M.D.Pa. 1994). The *Phillippy* court concluded that the claim of lien for the unpaid assessments was not a judicial lien, but was a security interest because the lien was created by an agreement, and therefore, represented a security interest. *Id.* at 70. Although, the facts in *Phillippy* are very similar to the present case, the creditor in *Phillippy* did not foreclose on the lien to obtain a Final Judgment. *Id.* at 68–70.

Likewise, the debtor in *Bland* acquired an interest in property that was subjected to an agreement to pay assessments to a Condominium Association. *Bland,* 91 B.R. at 422. The Court held that assessments payable to a condominium association pursuant to a Declaration is "security interest" and not a judicial lien. *Id.* at 423. The facts of *Bland,* however, failed to state whether the Association actually foreclosed on its lien.

*Phillippy* and *Bland* instruct that the Declaration of Covenants, Conditions and Restrictions creates a security interest in the debtor's property for unpaid assessments, and the lien is not avoidable. *Phillippy,* 178 B.R. at 70; *Bland,* 91 B.R. at 423. However, the Court must nevertheless address the issue of whether the Final Judgment changes the nature of the lien from a security interest to a judicial lien. This Court chooses substance over form. Although the lien is in the form of a Final Judgment, which, at first blush, appears to be a "lien obtained by judgment," substantively, the lien stems from a security interest through the Declaration. After examining the nature of the lien, and not the form in which it appears before the Court, the lien is not avoidable pursuant to section 522(f)(1) because it is a security interest, rather than a "judicial lien." Further, the Florida Supreme Court has held that by accepting the deed with actual or constructive notice of the lien provision of the declaration of restrictions, the purchaser has manifested the intent to let the real property stand as security for the obligation. *See Bessemer v. Gersten,* 381 So.2d 1344, 1348 (Fla.1980). Therefore, the debt owing to the homeowners' association for assessments, now in the form of a Final Judgment, is not a judicial lien avoidable under section 522(f)(1) because the nature of the debt remains a security interest.

## CONCLUSION

The Final Judgment is not avoidable pursuant to § 522(f)(1) because nature of the debt or lien resulted from the Declaration, which is an agreement between the parties and a security interest pursuant to that agreement. The Court will enter an Order consistent with these Findings of Fact and Conclusions of Law.