678 P.2d 702

**Aurora L. HUGHES,**
**Petitioner-Appellant,**

v.

**Warren C. HUGHES,**
**Respondent-Appellee.**

No. 14703.

Supreme Court of New Mexico.

March 28, 1984.

Lorenzo A. Chavez, Martin J. Chavez, Albuquerque, for petitioner-appellant.

Louis J. Vener, Albuquerque, for respondent-appellee.

## OPINION

SOSA, Senior Justice.

This case comes to us after our mandate to the Bernalillo County District Court in *Hughes v. Hughes*, 96 N.M. 719, 634 P.2d 1271 (1981). The facts are sufficiently set forth in that opinion. We need not repeat them here. The sole issue presented on this appeal is whether the district court's determinations and order after mandate

were inconsistent with our mandate and opinion in *Hughes.*

A major issue in the prior appeal was whether ownership in the residence had been transmuted from the separate property of respondent (Husband) to community property as the trial court had found. This Court found that there was nothing in the record to rebut the presumption established by NMSA 1978, Section 47-1-16 that a joint tenancy in the residence was created by a joint tenancy deed Husband executed to himself and petitioner (Wife). Our conclusions, insofar as they are relevant here, were that Husband was not unduly influenced by Wife at the time he executed the joint tenancy deed and that there was no substantial evidence to support the district court's finding that the residence was transmuted from separate to community property. We therefore reversed the trial court and determined that the residence was held by the parties as joint tenants. *Hughes,* 96 N.M. at 725, 634 P.2d at 1277.

After mandate issued, Husband moved the district court to require that Wife quitclaim her interest in the family residence to him to terminate the joint tenancy. Wife opposed this motion. The parties were later notified by letter opinion that the trial court had concluded that the residence was the sole and separate property of Husband, subject to any community liens that could be proved at a subsequent hearing.

The *Hughes* opinion in the prior appeal constitutes the law of the case. *Orman v. Nelson,* 80 N.M. 119, 452 P.2d 188 (1969). It is binding on the district court, and is to be referred to if there is any doubt or ambiguity regarding the mandate. *State ex rel. Del Curto v. District Court,* 51 N.M. 297, 304, 183 P.2d 607, 611 (1947). Our mandate and opinion in the prior appeal set forth the full extent of the jurisdiction of the district court on remand. *Varney v. Taylor,* 79 N.M. 652, 448 P.2d 164 (1968).

On remand the district court concluded that "the residence is the separate property of the Respondent and that the only remaining issue is the extent of the communi-ty lien on such residence." In doing so the district court construed our opinion and mandate as allowing inquiry beyond the joint tenancy form of the deed. The court determined the underlying separate property character of the residence by reviewing the evidence presented at the prior trial and tracing the nature of the funds used to acquire it.

In a hearing held after its ruling the district court considered only evidence bearing on the extent of any possible community liens arising under *Portillo v. Shappie,* 97 N.M. 59, 636 P.2d 878 (1981). Wife participated in this hearing without waving her standing objection that the proceedings were inconsistent with this Court's mandate. The district court subsequently entered additional findings of fact and conclusions of law and a final decree on remand. This decree ordered that the joint tenancy be terminated and that Wife have no interest in the property except a lien in the amount of $3,113.11 to secure payment for her share of one-half interest in 1) the small community interest in mortgage payments made with community funds plus interest on those payments and 2) the community interest in improvements to the residence also made with community funds plus interest on these payments.

Wife argues that the district court proceedings on remand were inconsistent with this Court's mandate and opinion. Husband responds that it was proper for the court to consider which particular funds were used to purchase the residence in arriving at its decision on remand.

This Court has, on occasion, looked beyond the joint tenancy form of a deed to establish the underlying separate or community nature of property consistent with the type of funds used to purchase it. In *Wiggins v. Rush,* 83 N.M. 133, 489 P.2d 641 (1971) this Court affirmed on substantial evidence grounds a trial court determination that certain property was community property, notwithstanding that the parties took title as joint tenants, since the property was purchased with community funds. In *Corley v. Corley,* 92 N.M. 716, 594 P.2d

1172 (1979) we reversed a district court determination that property purchased with the husband's separate funds and placed in joint tenancy with his wife was community property. There we considered not only the fact that the husband furnished the sole consideration for the purchase, but the lack of the husband's intent to own the property jointly with his wife. Finally, in *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969), we affirmed a district court determination that a husband's separate property inheritance placed in joint tenancy with his wife nevertheless remained his separate property. Again, we looked to the intent behind placing the property in joint tenancy and concluded that the record supported the district court's finding that the property was placed in joint tenancy for inheritance purposes only.

Our opinion in *Hughes* pointed out in some detail that the residence was initially the separate property of Husband and that his sole purpose in executing the joint tenancy deed was to provide for a right of survivorship in Wife. Regarding Husband's intent, the trial court on remand specifically found that "[t]he intent of the Respondent in deeding the property in joint tenancy was merely to provide for a means by which the Petitioner would own it without the necessity of probate in the event that the Respondent died before the Petitioner." Consistent with our discussions in *Hughes, Corley* and *LeClert*, the district court could look to Husband's intent in considering the parties' interests in the residence. This finding is not challenged in the present appeal and is binding on the parties. NMSA 1978, Civ.App.R. 9(d) (Cum.Supp.1983).

█ A portion of the dissolution decree unaffected by the district court's decree on remand allowed Wife to live in the family residence until the parties' daughter reached majority. Husband asserts that the award of exclusive possession, in addi-

tion to the court's order that the property eventually be sold, worked a severance of the joint tenancy that was found to exist in *Hughes*. We agree. While obtaining a divorce is not by itself inconsistent with joint tenancy ownership, *see Witzel v. Witzel*, 386 P.2d 103 (Wyo.1963); *Nichols v. Nichols*, 43 Wis.2d 346, 168 N.W.2d 876 (1969), a joint tenancy may be severed by a final dissolution decree which contemplates severance of the joint tenancy. *Federal National Mortgage Association v. Elliott*, 1 Kan.App.2d 366, 566 P.2d 21 (1977); *Romero v. Melendez*, 83 N.M. 776, 498 P.2d 305 (1972); *see* Annot. 64 A.L.R.2d 918 at 944–956. The final decree in this case which ordered the property to be sold severed the joint tenancy and a tenancy in common resulted. *See* 4A R. Powell, The Law of Real Property ¶ 618 (1982).

█ Consistent with our approaches in *Corley, Wiggins* and *LeClert*, the district court properly considered the source of the funds used to purchase the residence in determining Wife's interest in the residence after severence. It is uncontroverted that the sole consideration for the initial purchase was furnished by the separate funds of Husband. The district court properly concluded that the residence was solely the property of Husband subject only to Wife's lien as previously noted. The judgment of the district court is therefore affirmed.

The parties are to bear their own attorney fees and costs on appeal.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.