**In re Dorothy Lee ALVARADO, Debtor.**

**Bankruptcy No. 88–20042–7.**

United States Bankruptcy Court, D. Kansas.

Nov. 9, 1988.

Laurence M. Jarvis, Laurence M. Jarvis, Chartered, Kansas City, Kan., for Dorothy Lee Alvarado, Debtor.

Dennis Dow and Mark Moedritzer, Shook, Hardy & Bacon, Kansas City, Mo.,

Tim O'Brien of Shook, Hardy & Bacon, Overland Park, Kan., for Robert A. Alvarado.

David C. Seitter, Overland Park, Kan., trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on July 15, 1988, on the debtor's application to avoid the lien of Robert A. Alvarado. The debtor, Dorothy Lee Alvarado, appeared in person and through counsel, Laurence M. Jarvis. The creditor, Robert A. Alvarado, appeared in person and through counsel, Mark Moedritzer.

### FINDINGS OF FACT

Based upon the testimony, the exhibits, the pleadings, and the record, this Court finds as follows:

1. On April 20, 1978, Dorothy Lee Alvarado and Robert A. Alvarado were married in Las Vegas, Nevada.

2. During the course of that marriage, the parties acquired a home commonly known as 1015 North 34th Street, Kansas City, Kansas and legally described as follows, to-wit:

24 poles east and 260 feet south of northwest corner of the northwest quarter of Section 8, Township 11, Range 25, Wyandotte County, Kansas, thence south 78 feet thence west 168 feet, thence north 78 feet, thence east 168 feet to the point of the beginning less that part taken for street purposes.

3. On January 27, 1983, Dorothy Alvarado filed a petition for divorce in the District Court of Wyandotte County, Kansas, Case No. 83-D-0062.

4. On January 28, 1983, personal service was obtained on her husband, Robert Alvarado, who never filed an answer nor entered his appearance in the divorce action. Neither did the parties enter into a property settlement agreement. In addition, the parties did not enter into any informal, oral agreement concerning the division of assets.

5. On May 24, 1983, the divorce petition came for hearing before the Honorable Dean J. Smith. Petitioner Dorothy Alvarado appeared in person and through counsel, Howard Washburn. Respondent Robert Alvarado failed to appear.

6. After hearing evidence, Judge Smith entered a divorce decree dated May 24, 1983, which granted the parties a divorce on the grounds of incompatibility and divided the marital property. The divorce decree was filed on June 24, 1983.

7. Under paragraph 5(a) of the divorce decree, the court granted the wife, Dorothy Alvarado, "possession of said house and its contents free and clear of any right, title or interest of the Respondent except the $20,000 lien hereinafter mentioned."

8. Under paragraph 9(g) of the divorce decree, the court granted the husband, Robert Alvarado, a "$20,000 non-interest bearing lien on the home at 1015 North 34, Kansas City, Kansas which is payable five (5) years, death or remarriage of Petitioner, whichever occurs first."

9. On January 14, 1988, Dorothy Lee Alvarado filed a voluntary bankruptcy petition for relief under chapter 7 of title 11, United States Code. The debtor exempted the house at 1015 North 34th Street as her homestead in Schedule B-4.

10. On April 27, 1988, the debtor filed an application to avoid Robert Alvarado's $20,000 lien on her homestead pursuant to section 522(f)(1) of the Code. Robert Alvarado timely filed an objection to the debtor's application.

### QUESTION PRESENTED

WHETHER THE DEBTOR UNDER SECTION 522(f)(1) MAY AVOID A LIEN OF HER FORMER SPOUSE EXPRESSLY FIXED UPON HER HOMESTEAD BY A DIVORCE DECREE.

### CONCLUSIONS OF LAW

Under section 522(f)(1), the debtor may avoid the fixing of a judicial lien on exempt property. To prevail under this section,

the debtor must show: (1) that the lien impairs an exemption to which the debtor would otherwise be entitled; (2) that the lien is a judicial lien; and (3) that the lien attaches to an interest of the debtor in property. *See In re Scott*, 12 B.R. 613 (Bankr.W.D.Okla.1981).

In the present case, there is no dispute as to the first element. Robert Alvarado's $20,000 lien impairs the debtor's homestead that she is otherwise entitled to under Kan. Stat.Ann. section 60–2301. However, Robert Alvarado disputes whether his lien is a judicial lien and whether his lien attaches to interest of the debtor in property.

### A. *Is the Divorce Decree Lien a Judicial Lien?*

■ This Court reluctantly finds that Robert Alvarado's $20,000 lien is a judicial lien. Section 101(32) of the Code defines a "judicial lien" as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." He obtained his lien interest in the property pursuant to the decree of the Wyandotte County District Court. The decree was the result of the legal proceeding to dissolve the marriage of Robert and the debtor, Dorothy. At least one other bankruptcy court within this district has reached a similar result. *See In re Rittenhouse*, Case No. 87–11752, Slip.Op. (Bankr.D.Kan. August 4, 1987) (Honorable John K. Pearson found that any lien created by a divorce decree is a judicial lien).

This Court acknowledges that the above finding is contrary to an earlier decision of this Court in *In re Jackson*, Case No. 82–20194, Slip.Op. (Bankr.D.Kan. Aug. 29, 1983). In *Jackson*, I noted that courts had consistently found that liens which arose from property settlement agreements and judicially incorporated into divorce decrees were "consensual" in nature rather than "judicial", and, therefore, not avoidable under section 522(f)(1). In *Jackson*, a case which did not involve a property settlement agreement, I took the "consensual" theory one step further and refused to avoid the lien by finding that there was "... no fundamental difference between the rights created in a property settlement agreement and those created in a divorce decree ... In either situation, the granting of such lien is an attempt to divide marital property in a reasonable and equitable way." *Id.* at 3. This Court strongly felt that the debtor should abide by the terms of a state court's division of marital property and not defeat the ex-spouse's lien under section 522(f)(1).

However, in light of the recent Tenth Circuit Court of Appeals decision of *In re Maus*, 837 F.2d 935 (10th Cir.1988), this Court must reluctantly back away from the *Jackson* "consensual" theory and strictly construe the language of sections 522(f)(1) and 101(27). This Court originally decided the *Maus* case, 48 B.R. 948 (Bankr.D.Kan. 1985), only to be later reversed on appeal by both the District Court and by the Tenth Circuit.

In *Maus*, the debtor, Nikki Dee Maus, and the claimant/former spouse, Jesse Maus, obtained a divorce in Sedgwick County District Court on July 31, 1981, after entering into a verbal property settlement agreement. The divorce decree noted the verbal agreement and granted the parties home to Nikki "as her sole and separate property, free and clear of any and all claims" of Jesse. In addition, the decree stated that Nikki was to pay Jesse $22,000 on or before September 1, 1985. The decree went on to state that in the event Nikki sold the home prior to July 1, 1984, Jesse was to receive 40 percent on the net proceeds from the sale, after deducting the payment of the existing mortgage and costs of the sale. On June 8, 1984, Nikki filed a voluntary petition for relief under chapter 7 of title 11, and claimed the home as exempt. On July 3, 1984, the debtor filed her application to avoid Jesse's lien. This Court, sitting in Wichita, found that the $22,000 debt constituted a consensual lien on the homestead, rather than a judicial lien on the property, and denied Nikki's application. This Court supported this conclusion by citing the numerous cases dealing with divorce decrees and property settlement agreements, including the *Jackson* case. *See Maus*, 48 B.R. at 950. On appeal, the Honorable Patrick F. Kelly, Judge of the United States District Court for the

District of Kansas, agreed that Jesse's debt constituted a lien on the homestead. However, in an unpublished opinion, Judge Kelly reversed this Court and found that the lien was avoidable as a judicial lien under section 522(f)(1). Jesse then appealed to the Tenth Circuit.

Much of the Tenth Circuit's *Maus* decision dealt with the issue of whether or not Jesse even had a lien because the decree stated that Nikki took the property free and clear of any interests. The court finally concluded that, if the divorce decree created a lien at all, it created a "judgment" lien pursuant to Kan.Stat.Ann. section 60–2202, which states that any judgment rendered by a district court of Kansas shall be a lien on the real estate of the debtor within the county in which the judgment is rendered. *In re Maus*, 837 F.2d at 938–39.

More importantly for lien avoidance purposes, the *Maus* court then went on to reverse my bankruptcy decision and find that Jesse's judgment lien is a "judicial" lien, rather than a consensual lien, and, therefore avoidable. The court reached this conclusion because parties did not have a property settlement agreement which expressly and consensually created the lien. The court explained:

> The bankruptcy court held that the lien it found in the divorce decree was a consensual lien created by the settlement agreement and not avoidable under the Bankruptcy Act. As we have noted, however, the settlement agreement specifically states that the homestead property is granted free and clear of all claims of Jesse. The facts here are therefore distinguishable from those cases relied on by the bankruptcy court in which the decree itself embodies an agreement to create a lien on the property to enforce the property settlement....

*Id.* at 939.

■ The moral of *Maus* is that, in order to avoid the harsh and many times unfair effects of section 522(f)(1), the lien on the homestead should be expressly set out in a property settlement agreement. A lien set out in a divorce decree alone, as in the case

of Robert Alvarado's $20,000 lien, is a judicial lien and is not a consensual lien.

## B. *Did the Divorce Decree Lien Attach to Interest of the Debtor?*

■ As stated earlier, in order to avoid Robert Alvarado's lien, the debtor must also establish that the lien attached to the debtor's interest in property. *See* 11 U.S. C. section 522(f)(1). The rationale for this requirement is that Congress intended the avoidance of liens that became fixed after the debtor's acquisition of the interest in property, not before. *See In re Williams*, 38 B.R. 224, 226 (Bankr.N.D.Okla.1984).

In the present case, Robert Alvarado argues that, under a theory of "preexisting interest", his lien did not attach to the debtor's interest. The preexisting interest theory holds that the lien does not attach to an interest of the debtor because the ex-spouse seeking to enforce the lien has a preexisting interest in the property by virtue of the marital relationship. Under this theory, the preexisting interest does not pass to the debtor spouse under the divorce decree, and the lien attaches to the preexisting interest of the creditor spouse rather than to any interest of the debtor spouse. *See In re Boyd*, 741 F.2d 1112 (8th Cir. 1984).

This Court must again reluctantly reject the claimant's argument. At one time, I supported the preexisting interest theory set forth by the Eighth Circuit in the *Boyd* case. *See In re Maus*, 48 B.R. 948, 951 (Bankr.D.Kan.1985). However, *Boyd*'s preexisting interest theory was resoundingly rejected on appeal by the Tenth Circuit in the *Maus* case. The Tenth Circuit, in part, stated:

> ... The problem with this convoluted theory is that, as the dissent in *Boyd* points out, *id.* at 1115, the decree gives one party title outright and that is the interest to which the lien attaches.

Under Kansas law, moreover, the court in a divorce proceeding may award the marital property entirely to one party so long as the overall division is fair. *See Cady v. Cady*, 224 Kan. 339, 581 P.2d 358 (1978); *Gronquist v. Gron-*

*quist,* 7 Kan.App.2d 583, 644 P.2d 1365, 1367 (1982). Once a divorce petition is filed, "each spouse becomes the owner of a vested, but undetermined, interest in all the property individually or jointly held. The court is obligated to divide the property in a just and equitable manner, regardless of the title or origin of the property." *Cady,* 581 P.2d at 362–63. The court may cut off all of a spouse's rights to property by using specific language, as was done here. *See Linson v. Johnson,* 223 Kan. 442, 575 P.2d 504, 505 (1978). This construction of the nature of marital rights in Kansas by the Kansas courts clearly defeats the theory of a preexisting property interest which is not extinguished by the divorce decree. We therefore conclude that any lien in this case attached to the interest of the debtor within the meaning of section 522(f)(1).

*In re Maus,* 837 F.2d 935, 939 (10th Cir. 1988).

This Court notes that Robert Alvarado urges this court to follow a Wisconsin bankruptcy court decision which very recently criticized the Circuit Court's *Maus* decision and attempted to limit it to its facts. In *In re Sanderfoot,* 83 B.R. 564, 18 C.B.C.2d 598, 604 (Bankr.E.D.Wis.1988), the Honorable Margaret McGarity stated: "While the *Maus* result may have been correct because of the parties' agreement, it appears that under Kansas divorce law, which is similar to Minnesota (*Boyd*) and Wisconsin in property division principles, the nondebtor spouse *did* have a preexisting interest in the property which passed to the debtor via the divorce decree, and the *Maus* court failed to recognize that interest."

However, this Court is in the District of Kansas, not Wisconsin, and is bound by Tenth Circuit case law. The Tenth Circuit, in *Maus,* explicitly rejected *Boyd*'s preexisting interest theory altogether. Though not without some reservations, this Court feels compelled under the theory of stare decisis to follow the Tenth Circuit's *Maus* decision which admonishes this Court to look beyond "questionable results" and to

strictly construe section 522(f)(1). *See In re Maus,* 837 F.2d at 939–40.

IT IS THEREFORE, BY THE COURT, ORDERED That the debtor's, Dorothy Lee Alvarado, application to avoid the lien on her exempt homestead be and the same is hereby SUSTAINED and that the creditor's, Robert A. Alvarado, objection thereto is OVERRULED.