**In re John Harold CONWAY III, Debtor.**

**Bankruptcy No. 88–00191–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 2, 1988.

George P. Phillips, Tulsa, Okl., for debtor.

## MEMORANDUM DECISION AND ORDER

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes before the Court on the Motion of Francis Conway ("Movant") seeking termination of the injunction as provided in sec. 524(a)(2) and the concurrent motion filed by the debtor for the avoidance of the lien asserted by the Movant pursuant to sec. 522(f)(1) of the Bankruptcy Code. The Court, being fully advised in the premises, finds as follows:

On the 10th day of July 1984, the debtor and movant, jointly executed and delivered to Bank of Oklahoma, a promissory note and real estate mortgage on certain below-described real property in the principal amount of $16,078.00 with interest thereon at the rate of fourteen and one-half percent (14 and ½%) per annum. Said mortgage was recorded in the office of the Tulsa County Court Clerk, at Book 4805, Page 164.

On the 20th day of May 1986, movant was granted a divorce from the debtor. In accordance with the terms of the Divorce Decree, the debtor was awarded the homestead and movant was granted as her share in the equity of the homestead, a judgment in the amount of $16,600.00 against the debtor. Said judgment was ordered secured by a lien on the homestead with interest at five percent (5%) per annum to be paid on May 31, 1988. Said Decree was not recorded in the records of the Tulsa County Court Clerk. The Decree did, however, contain language which provided for the implementation of the order notwithstanding the failure of the parties to execute the necessary documents.

On June 25, 1986, the Divorce Court entered a Corrected Memorandum of Judgment wherein the debtor was awarded as part of the overall property division, the homestead property, to-wit:

Lot Five (5) Block Four (4) Wildwood Addition to the City of Tulsa, County of Tulsa, State of Oklahoma according to the recorded plat thereof a/k/a 2234 East 24th Street, Tulsa, Oklahoma,

"subject to a judgment for $16,600.00 in favor of [movant] and against [debtor], which judgment is secured by a lien on the above-described property and further secured by a *real estate mortgage* which [debtor] is ordered to execute to [movant]. [Movant] does not have to subordinate her mortgage in the event of refinancing." (emphasis added). The Corrected Memorandum of Judgment was filed of record in the office of the Tulsa County Court Clerk in Book 4964 at Page 599.

On July 3, 1986, subsequent to the granting of the judgment against the debtor and the lien in favor of the movant against the above-described property, the debtor, individually, made, executed and delivered to Bank of Oklahoma, a promissory note and second real estate mortgage on the above-described real property in the principal amount of $30,027.00 with interest thereon at the rate of 10.95 percent. Said second mortgage was recorded in the office of the Tulsa County Court Clerk at Book 4955, Page 1085.

On May 20, 1988, the debtor in the captioned bankruptcy was discharged in accordance with 11 U.S.C. sec. 727.

The original Decree of Divorce provided that each of the parties were to execute and deliver such documents as were necessary to carry out the terms of the division of property and in the event either party failed to do so within five days from the date of the Decree of Divorce, the Decree itself was to operate as such conveyance. Such execution and delivery of the appropriate documents was never undertaken by the parties and the original Divorce Decree was never filed of record with the Tulsa County Court Clerk.

Section 524(a)(2) states in pertinent part:

(a) A discharge in a case under this title—

\* \* \* \* \* \*

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived....

*Id.*

Because the debtor in the instant action seeks to avoid the lien of his former spouse, the question before the Court is whether such lien is avoidable under sec. 522(f)(1) of the Code. If such lien is not avoidable, the movant may pursue her state law remedies and foreclose upon her lien. *Federal Deposit Insurance Corporation v. Davis,* 733 F.2d 1083, 1084 (4th Cir.1984).

Section 522(f)(1) states in pertinent part: (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is— (1) A judicial lien....

*Id.*

Thus to avoid a lien under 522(f)(1), the debtor must prove three elements: (1) that the lien was fixed on an interest of the debtor in property; (2) that the lien impairs an exemption to which the debtor would otherwise be entitled; and (3) that the lien is a judicial lien. *Boyd v. Robinson,* 31 B.R. 591 (D.Minn.1983); *In re Hinson,* Case No. 85–00218 (Bankr.N.D.Okla. March 26, 1986) (slip opinion). In the instant case the debtor has fulfilled the first two elements. The question before the court is whether the Decree and the subsequent Memorandum of Judgment in the instant case operates as a judicial lien as that term is defined under the Code.

A judicial lien under the Bankruptcy Code is defined broadly as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. sec. 101(32).

In the instant case, the parties' intent as to the scope of the lien as reflected in the decree is clear. The parties intended that the debtor receive title to the homestead and the movant receive a mortgage on the homestead securing accrued equity in the homestead. The decree thus operates as a lien upon the debtor's real property to secure the payment of the movant's equity in the homestead.

The Decree, as the instrument used to evidence the movant's lien on the property, lacks, however, the essential characteristics of a common-law mortgage. Black's Law Dictionary at page 911 defines such an instrument as an equitable mortgage. *Id. See generally, Morris Flying Service v. Deming National Bank,* 404 F.2d 856 (10th Cir.), *cert. denied,* 393 U.S. 1020, 89 S.Ct. 628, 21 L.Ed.2d 565 (1968). One bankruptcy court has characterized such an instrument as "more in the nature of a security interest rather than a judicial lien avoidable under section 522(f)(1)." *Hart v. Hart (In re Hart),* 50 B.R. 956, 13 C.B.C. 2d 190 (Bankr.D.Nev.1985). The Eighth Circuit, affirming the District Court of Minnesota, similarly held that an interest in the debtor's homestead granted to an ex-spouse was not avoidable because the ex-spouse's interest acted as a mortgage not on the debtor's property but protected a pre-existing interest of the ex-spouse. *Boyd v. Robinson (In re Boyd),* 31 B.R. 591, 9 C.B.C.2d 259 (D.Minn.1983) *aff'd,* 741 F.2d 1112 (8th Cir.1984).

In the instant case, the interest the movant holds in the debtor's property was specifically constructed to act as a mortgage by the very terms of the instrument itself. This case can therefore be distinguished from *Maus v. Maus,* 837 F.2d 935, 17 B.C. D. 338 (10th Cir.1988). In *Maus,* the Divorce Court awarded the ex-spouse a lien on the debtor's homestead by giving the lienholder an entitlement to "40% of the net proceeds of the sale...." *Id.* at 937, 17 B.C.D. at 339. No mention was made of the debtor granting to the lienholder a mortgage as in the instant case. Although

sec. 522(c)(1) provides that homestead property is not liable for the debtor's debts except those specified in sec. 523(a)(5) which involves debts incurred in the context of "alimony to, maintenance for, or support of such spouse or child, ..." and unsecured debts representing property settlements are normally dischargeable in bankruptcy, the lien as conferred in the instant case is more in the nature of a security interest or a mortgage and thus is not a mere judicial lien which would entitle the debtor to avoid the debt. *See Robinson v. Boyd,* supra. Additionally, the debtor, having received the benefit in the form of the homestead conferred upon him by the divorce court, cannot now disaffirm the detriment as embodied in the lien which is similarly provided for in the decree. To do so would be tantamount to giving the debtor a windfall.

In further support for the denial of the debtor's proposed avoidance of the lien asserted by the movant is the simple fact that the lien in the instant action was encumbering the debtor's property at the time the debtor received title to the property. *See In re Williams,* 38 B.R. 224 (Bankr.N.D. Okla.1984); *In re Maness,* 17 B.R. 76, 77 (W.D.Mo.1981). In those instances where the debtor acquires property already encumbered, "[s]ection 522(f)(1) avoidance rights [are not to be construed] to be so broad as to play havoc with divorce decrees and equitable division of property involved in domestic matters." *In re Hinson,* 85–00218–W (Bankr.N.D.Okla.1986) (slip opinion).

IT IS THEREFORE ORDERED that the motion seeking termination of the injunction as provided in 524(a)(2) is sustained.

IT IS FURTHER ORDERED that the motion filed by the debtor for avoidance of the lien pursuant to 522(f)(1) is denied for the reasons as stated above.