In re Delbert Dean BORMAN and Deryl Jane Borman, Debtors.

Delbert Dean BORMAN; Deryl Jane Borman, Debtors–Appellees,

v.

Donna LEIKER, Defendant–Appellant.

No. 88–2063.

United States Court of Appeals, Tenth Circuit.

July 27, 1989.

Publication Ordered Sept. 21, 1989.

Scott M. Price of Marietta, Kellogg, Price & Waltz, Salina, Kan., for debtors-appellees.

W. Thomas Gilman of Redmond, Redmond & Nazar, Wichita, Kan., for defendant-appellant.

Before MOORE, ANDERSON and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(1); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the trial court affirming the decision of the bankruptcy court which voided the lien of debtor's former spouse on the debtor's homestead property located in the State of Kansas. We REVERSE.

The facts of this case are undisputed. Appellant (wife) and Appellee (husband) were married to each other until July 1981, when they were divorced. During their marriage the parties acquired a residence which they owned as joint tenants. The divorce decree incorporated a property settlement which provided that wife would continue to live in the house and make the mortgage payments until July 1, 1983, at which time the house would be appraised and husband would pay to wife one half of

the appraised value as a property settlement. Upon payment, husband would then own the house. On January 13, 1984, the divorce decree was modified upon motion of husband. The court, noting the special circumstances of the parties, set aside its previous order and ordered husband to pay to wife the sum of $19,640.67 within forty-five days for the purpose of effectuating a division of the marital estate. The court further ordered that if husband failed to pay the cash settlement, the real estate assigned to him would be sold and the proceeds applied first to the payment of any mortgages of record and then to the obligation owed to wife. When the cash settlement was due, husband filed a Chapter Seven bankruptcy petition.

Upon filing for bankruptcy, husband listed the real property as exempt property under the Kansas Homestead Exemption Statute. Wife filed no objection thereto. Husband and his new wife then filed an application with the bankruptcy court to avoid the judicial lien of his former wife. Wife filed an objection to the lien discharge admitting she had a judicial lien but claiming the debt is not dischargeable in that the judicial lien was designed to secure the payment of court-decreed alimony. The parties submitted the case on briefs to the Bankruptcy Court, which permitted husband to avoid the lien. Wife appealed to the United States District Court. The District Court affirmed, relying upon *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988), wherein we held that a judicial lien upon a homestead was avoidable under 11 U.S.C. § 522(f)(1).

Wife asserts that *Maus* is distinguishable. She argues that in *Maus* the husband received a money judgment and the wife received the homestead property "free and clear" of any and all claims of the husband; thus *Maus* is limited to the issue of whether a money judgment awarded in a divorce decree can give rise to a lien on homestead property when the divorce decree itself does not specifically create a lien. We agree.

The United States District Court in deciding this matter in June 1988 relied upon

*Maus v. Maus*, 837 F.2d 935 (10th Cir.1988). In December 1988 this court decided *In re Donahue*, 862 F.2d 259 (10th Cir.1988). We believe *Donahue* to be more similar to the instant case than *Maus*.

In *Donahue*, which also arose under Kansas law, a wife received a money judgment against her former husband payable upon the former husband's remarriage, sale or encumbrance of the homestead property. The former husband filed a Chapter Seven Bankruptcy Petition, claimed the property as exempt homestead property. This court held the former wife had an equitable lien against the property, which secured the debt and for that reason found that it would be improper to discharge the debt. This court distinguished *Maus* noting the critical difference that the decree in *Maus* awarded the property to the debtor spouse free and clear of any claims of the non-debtor spouse.

In the instant case the divorce court found that the parties had made a joint and equal contribution to the marital estate and noted the parties' special circumstances, including wife's poor health and unemployment. As in *Donahue* it is clear the property was intended to be the source from which the debt would be paid. Permitting the husband to avoid the former wife's lien or otherwise discharge the debt would unjustly enrich the former husband. These circumstances permitting the imposition of an equitable lien in *Donahue* are present here as well.

We therefore hold the action of the Bankruptcy Court in voiding the lien of wife was error. We REMAND this case to the Bankruptcy Court for such further proceedings as may be necessary in accordance with this Opinion.