**In re Sally E. PFINGSTEN, Debtor.**

**Bankruptcy No. 89–02713–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

Jan. 31, 1990.

Jack R. Anderson, Tulsa, Okl., for debtor.

Randolph P. Stainer, Tulsa, Okl., for Marvin Pfingsten.

AMENDED MEMORANDUM
DECISION AND ORDER

STEPHEN J. COVEY, Bankruptcy Judge.

Debtor, Sally E. Pfingsten, filed a motion to avoid a lien under § 522(f) of the Bankruptcy Code on September 28, 1989. Marvin Pfingsten, holder of the lien, objects to this motion.

The issue is whether a lien created in the divorce decree against the Debtor's homestead property constitutes an avoidable judicial lien under 11 U.S.C. § 522(f).

The real property at issue, which is currently occupied as homestead by the Debtor, was acquired during the marriage between Debtor and Marvin Pfingsten and held in joint tenancy with a right of survivorship during that time. However, upon divorce of the parties in November of 1980, the decree set forth the following requirements in an effort to equitably divide the property. The Debtor was awarded the homestead "free and clear of any claims, rights or interests whatsoever of the Defendant [Marvin Pfingsten]." However, in contrast, Marvin Pfingsten was granted a lien for his share of the equity of the homestead property which was foreclosable under specified conditions. On one hand, the decree purports to give the Debtor the homestead "free and clear", but it clearly grants Marvin Pfingsten a lien to secure his equity in the homestead, while allowing

the Debtor to occupy the premises subject to the lien.

Section 522(f) requires the Debtor-movant seeking to avoid a lien to prove three elements:

(1) The lien must be fixed on an interest of the debtor in property;

(2) The lien must impair an exemption to which the debtor would have been entitled;

(3) The lien must be a "judicial lien".

The Debtor fails to meet the requirements under the first element. Here, the lien on the homestead was not fixed "after" the Debtor acquired the interest in the property, but was fixed simultaneously when both the lien and the property interest were created. The Debtor received the homestead property "subject to" the lien, thus in an encumbered state. *See In re Williams,* 38 B.R. 224 (Bkrtcy.N.D.Okla. 1984).

Moreover, the question arises whether the lien at issue can be considered a "judicial lien."[1] This Court has previously held that a divorce decree lien securing a spouse's equity in the property was in the nature of a security interest and, therefore, did not constitute a "judicial lien." *In re Conway,* 93 B.R. 731 (Bkrtcy.N.D.Okla. 1988).

We hold that the lien on the Debtor's homestead is not avoidable because "§ 522(f) and its avoidance rights are not to be construed to be so broad as to play havoc with divorce decrees and equitable division of property involved in domestic matters." *Conway* at 734 (citing *In re Hinson,* 85–00218–W (Bankr.N.D.Okla. 1986) (slip opinion)).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion to avoid the lien on Debtor's homestead property under § 522(f) will be denied.

---

1. While the Court need not reach the issue of whether the second requirement is met, there is authority in the case of *In re Scott,* 12 B.R. 613 (Bkrtcy.W.D.Okla.1981), that a lien created on property via a divorce decree such as the one in this case, does not constitute an exemption to which the Debtor would be entitled under Oklahoma law. In discussing Oklahoma divorce law, the court noted that property settlements specifically contemplated establishment of liens on property in an effort to equitably divide it among the separating parties. The Court stated, "it is clear that under State law, the Oklahoma homestead exemption cannot be used to defeat property rights and interests awarded in divorce proceedings to accomplish fair property divisions between the parties." *Id.* at 616.