930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re Oscar Leo TAYLOR, Jr., doing business as Taylor/Syler,
doing business as TRS Aircraft, Debtor.
Oscar Leo TAYLOR, Jr., Appellant,
v.
Donna Taylor WOZNIAK, Appellee.
 No. 90-6257.
 United States Court of Appeals, Tenth Circuit.
 April 4, 1991.
 
 Before LOGAN, JOHN P. MOORE, and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Oscar Leo Taylor, Jr. (debtor) and Donna Taylor Wozniak (non-debtor former spouse) were divorced in 1986. Pursuant to the divorce decree, debtor was awarded the jointly-owned primary residence in Cushing, Oklahoma, together with certain assets. Non-debtor spouse was awarded certain other assets and, in lieu of real property settlement, a money judgment. The decree further provided that the money judgment was "to be a lien on the real property awarded to [debtor]...." Appellant's Brief, Addendum at p 20.
 
 
 2
 Over three years later, debtor filed for bankruptcy under chapter 7, and moved to avoid non-debtor spouse's lien on the property under 11 U.S.C. Sec. 522(f)(1), claiming it as his homestead. Non-debtor spouse objected, and the bankruptcy court denied debtor's motion. Debtor appealed. The district court held that non-debtor spouse had an equitable lien on the property, but remanded for a determination whether the lien was also a judicial lien which could be avoided under 11 U.S.C. Sec. 522(f)(1). Rec. vol. I, doc. 1, attachment 9 at 5.
 
 
 3
 On remand, the bankruptcy court held that non-debtor spouse's equitable lien was not avoidable under Sec. 522(f)(1), without expressly deciding whether the lien constituted a judicial lien. Rec. vol. I, doc. 6 at 4. Debtor again appealed and the district court affirmed, relying on a recent Oklahoma Supreme Court decision, United Oklahoma Bank v. Moss, 793 P.2d 1359 (Okla.1990). The district court held that, under Oklahoma law, the lien was a preexisting interest of the non-debtor spouse and did not attach to debtor's property interests; therefore, the lien was not avoidable under 11 U.S.C. Sec. 522(f)(1). Rec. vol. I, doc. 6 at 2.
 
 
 4
 Debtor now appeals from the district court's order. Our jurisdiction arises from 28 U.S.C. Sec. 158(d). Kaiser Steel Corp. v. Frates (In re Kaiser Steel), 911 F.2d 380, 386 (10th Cir.1990). The facts as stated above are undisputed. Our review of the district court's legal determinations is de novo. See United States Dept. of Energy v. Seneca Oil Co. (In re Seneca Oil), 906 F.2d 1445, 1450 (10th Cir.1990). Debtor presents the following issues on appeal:
 
 
 5
 1. Whether a lien obtained by a divorce decree against property which was awarded free and clear to the debtor spouse is a judicial lien which attaches to an interest of the debtor, so as to be avoidable under 11 U.S.C. Sec. 522(f)(1).
 
 
 6
 2. Whether the trial court erred in holding that United Oklahoma Bank v. Moss, 793 P.2d 1359 (Okla.1990) superseded Maus v. Maus, 837 F.2d 935 (10th Cir.1988) so as to hold that Wozniak's lien did not attach to a property interest of the debtor in bankruptcy but attached to a preexisting marital interest that was created upon divorce.
 
 
 7
 Appellant's Brief at 2. We address the second issue first.
 
 
 8
 Initially, we disagree with debtor's contention that the district court, in holding that the lien did not attach to his property interest, also held that United Oklahoma Bank superseded Maus. Maus is distinguishable on two grounds: it involved property interests in Kansas, and the lien in that case was not created by the divorce decree, but by operation of Kansas law. Maus, 837 F.2d at 938-39. See also Borman v. Leiker (In re Borman), 886 F.2d 273, 274 (10th Cir.1989) (distinguishing Maus from cases where lien was created by divorce decree itself); Parker v. Donahue (In re Donahue), 862 F.2d 259, 263-64 (10th Cir.1988) (same); In re Conway, 93 Bankr. 731, 733 (Bankr.N.D.Okla.1988) (same). We recognize that this is an area where courts have not been uniform. See Farrey v. Sanderfoot (In re Sanderfoot), 899 F.2d 598 (7th Cir.), cert. granted, 111 S.Ct. 507 (1990).
 
 
 9
 We agree with the district court that we must look to Oklahoma law to begin our analysis. See Maus, 837 F.2d at 938-39 (discussing whether, under Kansas law, lien arising from divorce decree can attach to debtor's homestead property); Donahue, 862 F.2d at 264 n. 7 (examining marital property rights under Kansas law). See generally, Butner v. United States, 440 U.S. 48, 54 (1979) (state law determines property rights in debtor's estate). In United Oklahoma Bank, the Oklahoma Supreme Court held that a lien covering previously jointly owned property, created by divorce decree, is an equitable lien, functionally equivalent to a purchase money mortgage. 793 P.2d at 1363. The state court based its holding on what is known as the preexisting interest theory, noting:
 
 
 10
 The wife's decree-conferred lien is analogous to a purchase money mortgage because ... a prior estate was transformed here into a security interest and the transferee's (husband's) title came to him already burdened with the lien in transferrer's (wife's) favor.
 
 
 11
 United Okla. Bank, 793 P.2d at 1363 n. 11. See Boyd v. Robinson, 741 F.2d 1112, 1114 (8th Cir.1984),
 
 
 12
 As debtor points out, this court has rejected the preexisting interest analysis as a part of Kansas law, see Donahue, 862 F.2d at 264 n. 7. But where the state court has spoken on a matter left to its determination, we are guided by its decision. See Butner, 440 U.S. at 54. The district court correctly relied on United Oklahoma Bank in reaching its conclusion.
 
 
 13
 Three factors must be satisfied before a lien can be avoided under 11 U.S.C. Sec. 522(f)(1): (1) the lien must attach to an interest of the debtor in property; (2) the lien must impair an exemption to which the debtor would otherwise be entitled; and (3) the lien must be a judicial lien, see Maus, 837 F.2d at 938. Because, under the preexisting interest theory adopted by Oklahoma, the non-debtor spouse's lien does not attach to the property interests of the debtor, the first factor is not satisfied. Therefore, debtor cannot avoid the lien under section 522(f)(1). Likewise, the third factor, whether a judicial lien is involved, is not satisfied by an equitable lien in the nature of a purchase money mortgage.
 
 
 14
 Debtor also argues that the divorce decree awarded the property to him "free and clear" of any claims by non-debtor spouse, therefore, this case falls under Maus instead of United Oklahoma Bank. We disagree. Viewing the divorce decree as a whole, the district court found that the parties' intent was to create a lien on the property to secure payment of the money judgment awarded non-debtor spouse. Rec. vol. I, doc. 1, attachment 9 at 4. Debtor does not challenge this finding on appeal, and we accept the district court's characterization.
 
 
 15
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3