In re Wilma J. WELLS, Debtor.

Bankruptcy No. 7–91–01463 M A.

United States Bankruptcy Court,
D. New Mexico.

April 16, 1992.

Barbara A. Ball, Albuquerque, N.M., for Ronald Wells.

Stephen McIlwain, Albuquerque, N.M., for debtor.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the debtor's motion to avoid the lien of Ron Wells and his objection to the motion. Having considered the facts, the memoranda of law, the applicable law, and being otherwise fully informed and advised, the Court finds the motion is not well taken and will be denied.

### FACTS

The facts are not in dispute. The debtor and Ron Wells were divorced in 1987. They voluntarily executed a marital settlement agreement which provides:

1. Wife shall receive as her sole and separate property:

A. The residence of the parties, located at 5418 Murchison, S.W., Albuquerque, New Mexico, 87105. In the event that Petitioner sells, transfers or otherwise conveys the aforesaid residence, Respondent shall receive the sum of Ten Thousand Dollars ($10,000.00) out of the "net sale proceeds".... Wife shall receive said real property subject to any debt thereon.

Marital Settlement Agreement, 7–8. The divorce decree incorporated the marital settlement agreement. Ron Wells did not file a transcript of judgment against the property. The debtor filed a chapter 7 bankruptcy petition and claimed her homestead exemption. She now seeks to avoid the lien of Ron Wells under 11 U.S.C. § 522(f)(1).[1]

### DISCUSSION

The issue for the Court to determine is whether the debtor may avoid the lien which arose from the marital settlement agreement and divorce decree.

For the lien to be avoided, it must first be a judicial lien. Ron Wells argues that the lien is a consensual lien and not a

---

**1.** 11 U.S.C. § 522(f)(1) provides:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien.

judicial lien, and therefore may not be avoided. A judicial lien is "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36)[2]. A consensual lien comes about by way of a security agreement which is defined as an "agreement that creates or provides for a security interest." § 101(50). A security interest, in turn, is defined as a "lien created by an agreement." § 101(51). *In re Dunn* held that a lien granted to a former spouse in a property settlement agreement which was subsequently incorporated into a divorce decree was a consensual lien and not a judicial lien and therefore could not be avoided pursuant to § 522(f). 109 B.R. 865 (Bankr.N.D.Ind.1988). The court stated

The facts of each case must be carefully scrutinized to determine if the lien that is created is statutory, judicial, or as the result of a consensual security interest. In particular, this Court must carefully determine if the Court involuntarily made the property division and involuntarily granted or created a lien after the matter was litigated on the merits as opposed to where the Court approved a property settlement voluntarily entered into by both parties. In addition, it must be determined if the property Settlement Agreement voluntarily granted a lien or the Court independently and involuntarily imposed a lien on the Debtor's property to secure the property settlement.

109 B.R. at 870. *Dunn* went on to favorably cite *Maus v. Maus,* 837 F.2d 935 (10th Cir.1988), and relied on it in part for the distinction between a lien imposed by a court or a lien voluntarily entered into by the parties. As noted, *supra, Maus* has been overruled by the Supreme Court and has also been distinguished by subsequent Tenth Circuit decisions.

The Court believes that a factual inquiry into the creation of a lien from marital dissolution proceedings is unnecessary. Whether the parties agreed to the terms or whether the court imposed the terms does not change the fact that the lien came into existence as the result of the commencement of a legal marital dissolution proceeding. If the parties had desired to create a consensual lien, they could have executed a mortgage and there would be no question but that the lien was a consensual one.

■ Although the lien at issue here arose from a "Marital Settlement Agreement," the Court believes that the lien more closely approximates a judicial lien than a consensual lien because the lien arose in the context of judicial proceedings. A judicial lien cannot be transformed into a consensual lien simply because the parties agreed to the terms of the document creating the lien. There are many instances where judicial proceedings are commenced and then settled by agreement. The agreement is then entered by the court in resolution of the case. The Court thinks that such a lien falls squarely within the definition of judicial lien in § 101(36).

■ The Court having found that the lien is a judicial lien, the next question is whether the lien may be avoided. The Court is controlled by the Supreme Court's ruling in *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In *Farrey,* the Court ruled that the wife's lien may not be avoided because the divorce decree simultaneously created the property interest and the lien. Under a literal reading of § 522(f), the debtor must have an interest in the property *before* the lien fixes to the property. The Court stated that "[s]ince Sanderfoot never possessed his new fee simple interest before the lien 'fixed', § 522(f) is not available to void the lien." —— U.S. at ——, 111 S.Ct. at 1831, 114 L.Ed.2d at 347.

In the case at bar, Ron Wells' lien and the debtor's sole and separate property interest arose simultaneously. Under New Mexico law, when a couple divorces, the final dissolution decree may operate to create new property ownership interests. *Hughes v. Hughes,* 101 N.M. 74, 678 P.2d 702 (1984). Clearly, a new property interest was created in the Wells' divorce when the marital settlement agreement awarded the property to the debtor as her sole and

---

**2.** Unless otherwise noted, all statutory cites refer to title 11.

separate property. At the same time, the agreement provided that $10,000 of any sale proceeds would go to Ron Wells. Under the *Farrey* analysis, the lien of Ron Wells may not be avoided because the debtor did not have a pre-existing fee simple interest in the property when the lien fixed.

The debtor attempts to distinguish *Farrey* by arguing that the lien in *Farrey* was provided for by the decree itself whereas here Ron Wells' lien could only arise by operation of the New Mexico statute providing for transcribing of judgments. The debtor's position is based on when the lien exists. Debtor argues that the lien could only come into existence when a transcript of judgment was filed. This argument might hold in a lien dispute between third parties, but as between Ron Wells and the debtor, Ron Wells has an interest which could be enforced in a court of law.

The debtor further argues that this case is indistinguishable from *Maus v. Maus,* 837 F.2d 935 (10th Cir.1988). In *Maus,* the wife received the property free and clear of the claim of the husband, and the husband received a money judgment. Holding that the lien was a judicial lien, the Tenth Circuit avoided the lien. This Court believes that *Maus* has been overruled by the Supreme Court. The Supreme Court in *Farrey* acknowledged that the circuits had split on the issue of lien avoidance arising in the context of divorce proceedings, and cited to *Maus* as well as the other Tenth Circuit cases of *In re Borman* and *In re Donahue.*[3] The dissent in the Seventh Circuit opinion of *Farrey* reviewed the various circuit court opinions. The Seventh Circuit had allowed the wife's lien to be avoided and, in dissent, Judge Posner stated

> Precedent does not compel the court's result. Far from it. The position I urge here was adopted by the Eighth Circuit in *Boyd v. Robinson,* [741 F.2d 1112] as it has been by most bankruptcy judges.

The Tenth Circuit rejected it in *Maus v. Maus.* But in *In re Donahue,* decided a few months later, and *In re Borman,* repudiated *Maus* in the guise of distinguishing it. In *In re Pederson,* [875 F.2d 781] the Ninth Circuit lined up with *Maus.* It reasoned (as had the dissenting judge in *Boyd*) that when the divorce court awarded the home to one spouse, it dissolved the other spouse's interest and created in that spouse a new interest, a judicial lien the fixing of which the bankrupt was entitled to avoid to the extent it impaired an exemption. I do not doubt that the decree can be so characterized, but I disagree that the characterization supports a conclusion that the spouse's lien is avoidable. The lien in our case was created in the same document—the divorce decree—that gave the husband his interest in the property. The lien qualified his interest from the start. There was no instant at which Sanderfoot owned the property free and clear of the wife's interest. He seeks a fresh start with someone else's property.

*Farrey v. Sanderfoot, (In re Sanderfoot),* 899 F.2d 598, 608 (7th Cir.1990) (Judge Posner, dissenting) (citations omitted). To the extent that *Maus* and *Farrey* are in conflict, the Supreme Court's ruling in *Farrey* must control. In conclusion, this Court finds that the debtor's sole and separate property interest did not exist before the judicial lien fixed to the property and thus, Ron Well's lien may not be avoided.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052. An appropriate order shall enter.

---

**3.** *In re Donahue,* 862 F.2d 259 (10th Cir.1988), and *In re Borman,* 886 F.2d 273 (10th Cir.1989), both held that a lien arising from a divorce decree created an equitable lien in favor of the nondebtor spouse and thus could not be avoided. In *Borman* and *Donahue,* the Tenth Circuit found that the property was intended to be the source of the payments to the nondebtor spouse and imposed an equitable lien. The Supreme Court did not rule that an equitable lien was created, preferring instead the "simultaneous lien and property interest" analysis of Judge Posner's dissent in *Farrey,* 899 F.2d 598, 606 (7th Cir.1990).