### In re PETROLEUM PRODUCTS, INC., Debtor.

### No. 91–4056–R.

United States District Court, D. Kansas.

Jan. 25, 1993.

See also 99 B.R. 451.

Dan W. Forker, Jr., Reynolds, Peirce, Forker, Suter & Rose, Hutchinson, KS, for Petroleum Products, Inc.

Terry C. Cupps, Foulston & Siefkin, Wichita, KS, for Karolyn Stevens.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a bankruptcy appeal from an order granting summary judgment on behalf of creditor Karolyn Stevens, who filed a claim against debtor, Petroleum Products, Inc. The bankruptcy court found that Stevens had an equitable lien upon the proceeds from property in which debtor had an interest.

The facts of this case, which appear uncontroverted, are as follows. Karolyn Stevens is the former wife of Charles T. Hinshaw. On May 9, 1979, a divorce decree and division of property for Stevens and Hinshaw was filed in the District Court of Reno County, Kansas. The decree required the sale of a condominium in Vail, Colorado. Stevens was to receive ½ of the net proceeds from the sale, or not less than

$200,000.00, before May 9, 1980. The divorce decree was registered in Eagle County, Colorado on September 25, 1980. By December 24, 1980, a sale of the condominium from Hinshaw to the Burke Energy Corporation of Texas ("Burke–Texas") had been negotiated for $373,500.00. On the same day, three checks were tendered for the payment of the purchase price. One check for $215,000.00 was postdated January 7, 1981 and delivered by Hinshaw's attorney, Gerald Haag, for subsequent delivery to Stevens to satisfy the lien on the property. Also on December 24, 1980, Hinshaw filed a Chapter 7 bankruptcy petition and signed a deed to the condominium in favor of Burke–Texas.

Haag delivered the check for $215,000.00 to Stevens' attorney with the understanding that it would not be cashed until the lien was released. Burke–Texas stopped payment on the check on February 17, 1981. On April 6, 1981, Burke–Texas received a title insurance policy which excepted Stevens' judgment lien on the condominium. Ten days later, on April 16, 1981, Stevens signed a satisfaction of judgment to release the lien. Then, she received the check. She tried to negotiate the check and learned that payment had been stopped.

Stevens and Hinshaw's bankruptcy trustee both filed suits against Burke–Texas in the United States Bankruptcy Court in Wichita, Kansas and the United States District Court in Wichita, Kansas. Stevens filed a notice of *lis pendens* in Colorado on May 28, 1982, four days after she had filed suit in U.S. District Court. Both lawsuits sought redress for Burke–Texas' retention of the property without fully paying for it.

In 1984, while these lawsuits were pending, Burke–Texas conveyed the condominium by corporate warranty deed to Burke Energy Corporation of Nevada ("Burke–Nevada") in exchange for a discharge of indebtedness of $450,000.00. Both Burke–Texas and Burke–Nevada were owned by Martin M. Burke. He was the president and principal shareholder of both companies. Burke–Nevada is the predecessor to the debtor in this case, Petroleum Products, Inc. ("PPI").

Stevens' and the Trustee's lawsuits were consolidated. Bankruptcy Judge Morton ordered, in May 1985, that Burke–Texas pay into the bankruptcy court's registry $215,000.00. This was never done. In November 1985, the deed conveying the condominium from Burke–Texas to Burke–Nevada in 1984 was recorded.

Judge Morton rendered a decision in May 1986 holding that the sale of the condominium from Hinshaw to Burke–Texas was incomplete when Hinshaw filed for bankruptcy and, therefore, the condominium was part of Hinshaw's bankruptcy estate. Judge Morton concluded that merchantable title had not been conveyed to Burke–Texas. He ordered Burke–Texas to pay $215,000.00 to the trustee to complete the sale and receive clear title to the property. His decision was ultimately affirmed after appeals to the district court and the Tenth Circuit Court of Appeals. However, the money was never paid.

While Judge Morton's decision was being appealed, the debtor in this case, PPI, formerly known as Burke–Nevada, filed the underlying bankruptcy action on September 17, 1986. This bankruptcy petition was assigned to Judge Pusateri. Stevens filed a proof of claim for the money at issue in this case. On March 29, 1989, the trustee in the Hinshaw bankruptcy was ordered to assign the judgment issued by Judge Morton to Stevens. This was done.

On April 25, 1990, Judge Pusateri granted a motion to direct the sale of the condominium by PPI and deposit of the proceeds in an escrow account. The condominium sold for $337,490.10. This appeal arises from Judge Pusateri's order granting summary judgment in favor of Stevens' claim and directing that she be paid $215,000.00 from the escrow account, plus accrued interest.

■ In the order granting summary judgment to Stevens, Judge Pusateri stated:

Burke–Texas' and Burke–Nevada's actions in this matter have been wholly inequitable. Burke–Texas obtained title

to the Colorado property without paying the full agreed price. It obtained a release of lien knowing that the party releasing the lien believed that the consideration for that release, i.e., $215,000, had been received. It disobeyed a court order to pay in the $215,000 to conclude purchase of the property. It transferred the property to another related entity when both knew, through Mr. Burke, the president of each, that the property had not been paid for and that the deed was improperly obtained. It appealed the orders and judgment by which it was ordered to pay the purchase price before receiving good title and lost the appeals, but nevertheless failed to comply with the rulings. Now PPI, formerly Burke–Nevada, seeks to have these actions condoned and retain the benefits of ownership although it knew its grantor had not paid for them.

The Court concludes that Mrs. Stevens should finally be paid from the funds derived from PPI's sale of this property in this proceeding. Initially, Mrs. Stevens had a lien on the Colorado property by virtue of a judgment. This judgment was released in error as a result of Mr. Burke's questionable tactics. Mr. Burke knew that the judgment release was obtained through an error he caused and that knowledge permeates all the entities he owned and controlled as their president and primary shareholder. Prior to the transfer from Burke–Texas to Burke–Nevada, two suits had been filed against Burke–Texas attempting either to impose an equitable lien or to obtain the purchase money Mr. Burke had withheld from Mrs. Stevens and from the Hinshaw bankruptcy estate. Additionally, Mrs. Stevens had filed a lis pendens notice in Eagle County, Colorado. The Burke enterprises had both actual and constructive knowledge of the flaw in title and the likelihood that a lien would be recognized in favor of either Mrs. Stevens or Mr. Hinshaw's bankruptcy estate. See *Leyden v. Citicorp Industrial Bank,* 782 P.2d 6, 12–13 (Colo.1989) (en banc) (recorded dissolution decree and lis pendens gave at least constructive notice

of equitable lien to mortgagee and subsequent purchaser). A lien was recognized in favor of the Hinshaw estate, that lien was transferred to Mrs. Stevens, and she is entitled to recover the $215,000 plus interest which now resides in an escrow account awaiting the victor in this action.

Generally, on appeal, the factual findings of the bankruptcy court are reviewed under a clearly erroneous standard, and the bankruptcy court's legal conclusions are reviewed *de novo. In re Branding Iron Motel, Inc.,* 798 F.2d 396 (10th Cir.1986).

PPI makes the following arguments on appeal. First, PPI contends that "to sustain her claim, Stevens must argue that the divorce decree in 1980 created an equitable lien against the Colorado condominium in Stevens' favor." PPI asserts this is impossible because Kansas district court judgments do not have an effect beyond Kansas boundaries. We think this misses the point.

■ A divorce decree has been considered a circumstance relevant to the imposition of an equitable lien. In both *In re Borman,* 886 F.2d 273 (10th Cir.1989) and *In re Donahue,* 862 F.2d 259 (10th Cir. 1988), equitable liens were enforced by the courts against spouses who had filed bankruptcy and were attempting to avoid property settlement obligations which were intended to be secured by property of the bankruptcy estate. Thus, Judge Pusateri could have considered the divorce decree and property settlement of Stevens and Hinshaw in making his order. This does not mean, however, the lien was imposed by the state district court.

■ PPI's argument is mistaken because it treats equitable liens as if they create a property interest. An equitable lien is not a property right or property interest; it is a personal right, analogous to a constructive trust which relates to specific property. See *Leyden v. Citicorp Industrial Bank,* 782 P.2d 6, 10 n. 7 and 8 (Colo.1989) quoting 4 S.Symons, *Pomeroy's Equity Jurisprudence,* § 1234 at 695 (5th ed. 1941) and citing D. Dobbs, *Remedies* § 4.3, at 249 (1973); see also, 51 Am.Jur.2d

*Liens,* § 22 at 160–61 (1970). "Where the court has obtained jurisdiction of the parties, it may, by a decree in personam, establish a lien on property beyond its territorial jurisdiction." 30A C.J.S. § 85 at p. 276 (1992). In this instance, the equitable lien was imposed as a remedy by the bankruptcy court. The jurisdiction of the bankruptcy court to take this action is not contested by PPI. The equitable lien in this case arose from the facts and circumstances set forth in Judge Pusateri's order. The question in this case is not whether the Kansas state district court had authority to establish a lien on Colorado property, but whether the facts and circumstances of this case warranted and authorized the bankruptcy court to find that an equitable lien should be enforced against the property in Colorado. We believe the bankruptcy court's action was warranted by the facts and circumstances showing that Burke–Texas was unjustly enriched at Stevens' expense, and that PPI's predecessor was aware of the situation when it acquired the property in question.

■ PPI next contends that "any lien created [by filing the divorce decree in Colorado] was extinguished by the filing of a satisfaction of judgment in Eagle County, Colorado." Again, we believe this argument is inapposite. The lien we are concerned with in this case is an equitable remedy imposed by the bankruptcy court. It was fair and equitable to impose this remedy, in spite of Stevens' filing of a satisfaction of judgment, because Stevens took that action in the belief that she would be paid the $215,000.00 to which she was entitled. She was unaware that payment had been stopped on the check.

■ PPI further argues that Stevens' remedy should be against Hinshaw, because it was his failure to provide clear title to the condominium to Burke–Texas that caused payment to be stopped on the check. But, Hinshaw was not enriched by these actions. Hinshaw did not enjoy title to the condominium; nor did he receive the benefit of the $215,000.00. Indeed, Judge Morton found in favor of the trustee of the Hinshaw estate against Burke–Texas for the money in question, and this judgment was later directed to be assigned to Stevens. The Burke companies were aware that the full purchase price was not paid by Burke–Texas for the condominium; Burke–Nevada had this knowledge when it acquired the condominium from Burke–Texas. Nevertheless, the Burke companies enjoyed the possession of the condominium. Therefore, it was equitable to impose the lien upon the condominium as part of PPI's estate and not to proceed against Hinshaw.

■ PPI argues that Burke–Texas was not the predecessor of PPI and that any judgment against Burke–Texas should not be suffered by PPI. But, Burke–Nevada, PPI's predecessor, was fully aware of the circumstances of this case. The lawsuits by Stevens and the Hinshaw bankruptcy trustee against Burke–Texas were on file. Stevens' notice of *lis pendens* was also recorded. So, Burke–Nevada knew or should have known of Stevens' claim to part of the purchase price of the condominium when it purchased the property from Burke–Texas. Therefore, a remedy against PPI is justified in this case. See *Leyden v. Citicorp Industrial Bank, supra* (in case arising from divorce decree, equitable lien enforced against parties who acquired interest in property with knowledge of the provisions of the divorce decree).

Finally, PPI argues that the elements of a fraudulent conveyance action were not proven by Stevens. However, the bankruptcy court did not order relief on those grounds. Therefore, this argument may be ignored.

In conclusion, PPI has not demonstrated that the bankruptcy court's factual findings were clearly erroneous or that the bankruptcy court's legal conclusions were incorrect. Therefore, the order of the bankruptcy court is affirmed. The Clerk of the court is directed to transmit a copy of this decision to the Clerk of the bankruptcy court.

IT IS SO ORDERED.